IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANNY C. HOSKINS, # 180134,  *

   Petitioner  *

       v.  *       CIVIL ACTION NO. DKC-14-2295

RICHARD J. GRAHAM, JR., et al.,  *

   Respondents  *
                               ***

**MEMORANDUM OPINION**

On July 17, 2014,[1] the court received the instant 28 U.S.C. § 2254 habeas corpus application filed by Petitioner Danny C. Hoskins attacking his 2001 judgment of conviction for first-degree murder and related offenses. ECF No. 1. Respondents filed an answer with exhibits on November 7, 2014. ECF No. 9. Hoskins filed a reply and supplemental reply. ECF Nos. 11 & 13. On February 5, 2015,[2] Hoskins filed a motion to amend the petition, ECF No. 14, which the court provisionally granted in an order dated August 21, 2015, ECF No. 15. Respondents filed a supplemental answer. ECF No. 18. Hoskins then filed a reply to the supplemental answer. ECF No. 19. After reviewing the filings, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the court will deny the petition and deny the issuance of a certificate of appealability.

---

[1] The petition is dated July 9, 2014, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

[2] *See* n.1.

**Factual and Procedural History**[3]

On October 15, 2001, after a jury trial, Hoskins was convicted in the Circuit Court for Cecil County of first-degree premeditated murder.[4] ECF No. 9, Ex. 1, p. 12.[5] He was sentenced to life in prison without the possibility of parole. *Id.*; ECF No. 1, p. 1. Hoskins appealed, arguing that the trial court should have granted a mistrial due to: (1) prejudicial comments and misconduct by the State's Attorney; and (2) impermissible shifting of the burden of proof during the prosecution's closing argument. ECF No. 1, p. 1; ECF No. 9, Ex. 2, p. 2. In an unreported opinion filed on October 16, 2003, the Court of Special Appeals of Maryland affirmed the judgment of conviction. ECF No. 9, Ex. 4, p. 1, 8. The court's Mandate issued on November 17, 2003. ECF No. 1, p. 2; ECF No. 9, Ex. 4. Hoskins did not seek further review by the Court of Appeals of Maryland. ECF No. 1, p. 2. Therefore, his conviction became final for direct appeal purposes on December 2, 2003, when the time for filing a petition for a writ of certiorari expired. *See* Md. Rule 8-302(a) (requiring that petition for writ of certiorari be filed not later than fifteen days after the Court of Special Appeals issues its mandate).

While his appellate proceedings were pending, on January 2, 2003, Hoskins filed a motion for new trial in the Circuit Court, raising three grounds for new trial: two allegations of misconduct or fraud by the State's Attorney involving evidence presented at trial or prior to trial;

---

[3] Hoskins filed a number of motions in the state courts. The court addresses only those necessary to decide the instant petition.

[4] The evidence adduced at trial showed that, on March 14, 2000, Hoskins and the murder victim, Lori Elaine Peirson, had drinks together at a bar/restaurant in Cecil County, Maryland. Peirson was found the next day in her bedroom, beaten and stabbed to death. Hoskins' blood and saliva were found in the victim's home. Hoskins' fingerprint also was found on a cigarette box inside the victim's home. Hoskins' defense was that he was not at the scene of the crime and that the evidence collected by the State was unreliable. On October 15, 2001, based on the evidence adduced at trial, the jury convicted Hoskins of first degree murder. ECF No. 4.

[5] Respondents' exhibits were filed in paper form. *See* ECF No. 9-1 (Notice of Filing of Lengthy Exhibits). Page citations to these documents refer to the pagination therein. Citations to documents filed electronically reflect that of the electronic docket.

and the admission of an expert witness and the testimony she provided in her capacity as an expert. ECF No. 9, p. 6; ECF No. 9, Ex. 1, p. 28; ECF No. 9, Ex. 5, p. 1. The motion for new trial was denied, after hearing,[6] on January 3, 2008. ECF No. 9, Ex. 1, p. 31; ECF No. 9, Ex. 5, p. 1. Hoskins filed an application for leave to appeal the denial, which was dismissed on April 10, 2008, due to Hoskins' failure to file timely his brief. ECF No. 9, Ex. 6; *see also* Md. Rule 8-602(a)(7).

In the interim period, on February 23, 2004, Hoskins filed a petition for post-conviction relief in the Circuit Court, raising thirty-two allegations of ineffective assistance of counsel, prosecutorial misconduct, and judicial error. ECF No. 1, p. 2; ECF No. 9, Ex, 1. p. 29. Following an April 12, 2010, hearing, ECF No. 9, Ex. 7, the post-conviction court denied the petition on January 11, 2011. ECF No. 9, Ex. 8. On February 11, 2011, Hoskins filed an application for leave to appeal the adverse decision, ECF No. 9, Ex. 9, which the Court of Special Appeals summarily denied on June 11, 2013, ECF No. 9, Ex. 10. The intermediate appellate court's mandate issued on July 12, 2013. *Id.*

> Hoskins presents the following issues for the court's review:
>
> *Ground One*: The State withheld two police reports, the first of which verified that Hoskins requested counsel during his March 16, 2000, interrogation and the second reflected that a man was seen walking away from the crime scene on the morning of March 15, 2000, with a knife or saw in his hand.
>
> *Ground Two*: The searches of Hoskins on both March 16, 2000, and March 18, 2000, by the Cecil County Sheriff's Department were conducted illegally.
>
> *Ground Three*: The State violated 18 U.S.C. §§ 2510-2521.
>
> *Ground Four*: Despite the defense's request that the experts who performed the original serology and DNA tests testify at trial, the State utilized substitutes.
>
> *Ground Five*: The trial court erred in denying the joint request of the State and defense to sequester the jury during deliberations.

---

[6] At the hearing, Hoskins abandoned his allegations of fraud against the State's Attorney and raised questions regarding the reliability of DNA evidence. ECF No. 9, Ex. 5, p. 1.

*Ground Six*: One of Hoskins' trial attorneys purportedly assaulted the State's Attorney in the presence of the jury and trial judge.

*Ground Seven*: An Assistant State's Attorney for Cecil County, a friend and continuous legal advisor of Hoskins, advised Hoskins hours before the March 16, 2000, interrogation to "participate" with the Sheriff's Department and answer their questions truthfully.

*Ground Eight*: Trial counsel failed to call Hoskins' wife and step-daughter as witnesses.

*Ground Nine*: The post-conviction court erred in its decision in stating that Hoskins had waived all of his allegations and, in the alternative, had failed to establish ineffective assistance of counsel.

*Ground Ten*: The State's Attorney intentionally misled the trial court when he informed the court during opening statements that "he had any evidence" to support any of the sexual charges against Hoskins, and after objections by Hoskins' counsel the trial court erred in allowing the State to go forward with such evidence at both a pre-trial hearing and during the trial, thereby prejudicing Hoskins.

ECF No. 1, pp. 3-5; ECF No. 14, pp. 1-2. Respondents mount a variety of challenges to Petitioner's claims, including lack of timeliness, failure to exhaust, procedural default, failure to state a cognizable basis for relief, and, finally, failure to state a basis for relief on the merits. See, generally, ECF Nos. 9 and 18.

## Threshold Considerations

Timeliness

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondents argue that the petition is time-barred. ECF No. 9, pp. 18-20. They correctly note that the statute of limitations was tolled during the pendency of Hoskins' post-conviction and other collateral proceedings. *Id.*, p. 19. Thus, Hoskins had one year from the Court of Special Appeals' July 12, 2013, mandate in which to file his petition. *Id.* Respondents contend that, although the Petition is dated July 9, 2014, (a Wednesday) within the statutory filing period, it was not postmarked until July 16, 2014, after the limitations period expired. *Id.* According to Respondents, "Hoskins has not provided the required proof to show that his mailing was deposited in the prison mail system before July 13, 2014. Absent such proof, his petition should be deemed time-barred." *Id.*, p. 20.[7]

Hoskins has provided a Certificate of Service wherein he states: "I hereby certify that on this 9th day of July, 2014, a copy of this foregoing Petition for Writ of Habeas Corpus was mailed, postage prepaid," to the Attorney General of Maryland, followed by the Attorney General's address and Hoskins' signature. ECF No. 1, p. 6. In addition, the envelope in which the petition was mailed contains a notation that the correspondence was "legal," and the postage

---

[7] Respondents quote Habeas Rule 3, which states in relevant part that:

A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

ECF No. 9, pp. 19-20.

meter date is July 16, 2014, the same date as the postmark. ECF No. 1-1. It is reasonable to infer that (1) the Petition was placed in the prison system for handling legal mail, and (2) it took prison officials a week, which included two weekend days, to process and mail Hoskins' Petition. Based on the foregoing, the court concludes that the Petition is timely pursuant to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988).

Exhaustion and Procedural Default

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b) and (c).[8] In Maryland, this may be accomplished by raising certain claims on direct appeal and other claims by way of post-conviction proceedings. Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing timely to note an appeal, the procedural default doctrine applies. *See*

---

[8] Regarding exhaustion, § 2254 provides, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State ...

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

*Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972)(failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). As the United States Court of Appeals for the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[9] *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's

---

[9] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986)("[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."); *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

7

efforts to raise the claim in state court at the appropriate time." *Breard,* 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488) (alteration in original). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995). A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. *See* 28 U.S.C. § 2254(b); *Engle v. Isaac*, 456 U.S. 107, 125-126, n. 28 (1982).

Respondents contend that most of Hoskins' claims have been procedurally defaulted. ECF No. 9, pp. 28-30. According to Respondents, Grounds One, Four, and Seven have not been presented to any state courts, at least in the form in which they are presented to this court. *Id.*, pp. 24, 29 n.3. Therefore, Respondents argue the petition should be dismissed for non-exhaustion unless Hoskins withdraws those claims. *Id.*, p. 24. However, it does not appear that Hoskins has any remedies available to him in the state courts, *see id.*, pp. 22-24 (citing authorities); therefore, he has procedurally defaulted the claims, 28 U.S.C. § 2254(c).

In addition, Respondents state that the post-conviction court found that Grounds Two, Three, and Five had been waived,[10] and that as a result they, too, have been procedurally defaulted. ECF No. 9, p. 29. Although the post-conviction court addressed two of Hoskins' ineffective assistance of counsel claims, Grounds Six and Eight, on the merits, Respondents note that because Hoskins failed to include these claims in his application for leave to appeal the denial of his post-conviction petition they have been procedurally defaulted as well. *Id.* Finally, Respondents argue that Ground Ten has also been procedurally defaulted because it was not

---

[10] The post-conviction court found that Hoskins had waived a number of the claims presented here by failing to raise them during the trial proceedings, on direct appeal, or in a motion for new trial. ECF No. 9, Ex. 8, pp. 16-17. Because the Circuit Court's waiver findings are the subject of a separate ground (Ground Nine), the court will reserve discussion of the waiver issue until that point.

raised in all appropriate state courts.[11]  ECF No. 9, p. 3.  Based on its review of the record, the court concludes that Hoskins' claims have been procedurally defaulted.

Hoskins may overcome the procedural default of his claims by showing (1) both cause for the default and prejudice that would result if this court declines to consider the claims on the merits; or (2) that failure to consider the claim on the merits would result in the conviction of one who is actually innocent.  *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620.  Hoskins does not directly address the cause factor or argue prejudice, although he contends that to the extent his claims were waived, such waiver demonstrates the ineffectiveness of his trial and appellate counsel.  ECF No. 1, p. 5; ECF No. 11, p. 3.  However, ineffective assistance of defense counsel cannot be considered "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time."  *Breard,* 134 F.3d at 620; *see also Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488) ("We explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him.").  Hoskins has not shown cause and prejudice to excuse his procedural default.

With respect to actual innocence, although he states that he is "indeed innocent," ECF No. 13, p. 1, Hoskins has not made a proper showing that declining to consider the Petition will result in a fundamental miscarriage of justice.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."  *Schlup*, 513 U.S. 298 at 324.  Moreover, in order to use actual innocence as a gateway to raising an otherwise defaulted constitutional claim, a petitioner must

---

[11]  Respondents also note that this claim is untimely because as a later amended claim, it does not relate back to the original petition.  They are correct.  *See Mayle v. Felix*, 545 U.S. 644, 664 (2005); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).

demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted him in light of the new evidence. *See Buckner*, 453 F.3d at 199-200. Presumably Hoskins would point to the police reports mentioned above as "new reliable evidence." It cannot be said, however, that the reports were "new," as they existed at the time of Hoskins' trial. Despite his claim that the reports were not provided to the defense, Hoskins has provided no explanation as to why it took him "[a]pproximately 2 years after [his] sentencing," ECF No. 1, p. 3, to file a Maryland Public Information Act request to the Cecil County Sheriff's Department. Nor has he made any showing that even if defense counsel had had the reports at trial, reasonable jurors could not have convicted him in light of those reports. Accordingly, to the extent he makes such an argument, the court rejects Hoskins' actual innocence gateway argument.

Turning to Hoskins' claims in ground nine, he contends that the post-conviction court "erred in its decision in stating this Petitioner waived all of his allegations and in the alternative failed to establish ineffective assistance of counsel." ECF No. 1, p. 5 (internal quotation mark omitted). According to Hoskins, counsel objected during pre-trial proceedings and the trial to some of the issues raised in his post-conviction petition, while others could not have been raised because they did not develop until after he was sentenced. *Id.* Thus, he states, "issues were not all waived if any at all." *Id.* Further, he argues that "if all the allegations made by Petitioner were waived, this fact alone would establish the fact(s) that Petitioner's constitutional rights across the board were violated and both trial and appellate counsel were ineffective[.]" *Id.*

First, as argued by Respondents, it is not at all clear that ground nine states a freestanding federal claim with regard to the finding of waiver. Hoskins takes issue with portions of the court's decision denying post-conviction relief. Errors in state post-conviction proceedings are not subject to federal habeas review. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Rather, the waiver findings of the post conviction court contribute to the findings noted above that Petitioner has defaulted all of the substantive claims. Moreover, it is clear from the

testimony at the post-conviction hearing, as well as the portions of the trial transcript quoted by Hoskins, that counsel objected to certain issues during pre-trial proceedings and the trial itself. It is equally clear from the record, however, that the issues were not raised on direct appeal or in Hoskins' new trial motions. ECF No. 9, Exs. 2, 4, 5.

The post-conviction court stated:

> The purpose of the Uniform Post Conviction Procedure Act was to create a simple statutory procedure in place of common law *habeas corpus* and *coram nobis* remedies for collateral attacks upon criminal convictions and sentences. *Jones v. State*, 114 Md. App. 471, 474 (1997). It is not a substitute for remedies incident to trial proceedings, such as a motion for a new trial or an appeal from the denial thereof. Crim. Proc. Article, §7-106(a). The act, as indicated, is not a substitute for and does not affect any remedy that is incident to the proceedings in the trial court or any remedy of direct review of the sentence or conviction. In analyzing this provision, the Court of Appeals has held that allegations which could have been litigated in the original trial and on direct appeal are excluded as grounds for relief under the Act by provision of §645A [now codified as §7-107(a)]. *State v. Brown*, 235 Md. 401 (1965); *Torres v. Warden of Maryland Penitentiary*, 227 Md. 649, 652 (1961). Additionally, the statute excludes as a ground for relief any alleged error "previously and finally litigated or waived in the proceedings resulting in the conviction." *Id.*

ECF No. 9, Ex. 8, pp. 16-17 (alteration in original)(footnotes omitted).

The Circuit Court's determination that the majority of Hoskins' claims had been waived constitutes an adequate and independent state ground for denying relief on those claims. *See Coleman*, 501 U.S. at 729. In *Coleman*, the Supreme Court stated that: "This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural." *Id.* (internal citations omitted). In the habeas corpus context, "[t]he doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30; *see also Sharpe*, 593 F.3d at 377 *(quoting Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000)("In general, 'a federal

habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule.'"); *id.* ("A federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law.")(internal quotation marks omitted).

The *Coleman* Court held that:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750.

As discussed previously, Hoskins has not demonstrated either cause or prejudice for the procedural default of his claims or that failure to consider the claims would result in a fundamental miscarriage of justice. The court need not repeat that discussion here. Therefore, the court concludes that the post-conviction court's waiver finding constitutes an adequate and independent state ground, and federal review of the claims is barred. *Coleman*, 501 U.S. at 750.

Ground nine also asserts that the post-conviction court erroneously rejected his ineffective assistance of counsel claims. The only specific ineffective representation claims presented here were procedurally defaulted because they were not raised in the application for leave to appeal. To the extent that the merits of those or any other claim actually presented to the post-conviction court need to be addressed, this court finds that the Circuit Court correctly and reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), to the facts of the case in finding that counsel's conduct was reasonable under the circumstances.

The statutory framework of the federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see*

*also Bell v. Cone*, 543 U.S. 447, 455 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011)("If this standard is difficult to meet, that is because it was meant to be."). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" analysis pursuant to 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Williams*, 529 U.S. at 411). "Rather, that application must be objectively unreasonable." *Id*. Thus, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams*, 529 U.S. at 410). As recently observed by the Supreme Court "In order for a state court's decision to be an unreasonable application of this court's case law, the ruling must be 'objectively unreasonable, not merely wrong; even clear error will not

suffice.'" *Virginia v. LeBlanc*, __ S.Ct. ___, ___ , 2017 WL 2507375, * 3 (June 12, 2017) (quoting *Woods v. Donald,* 575 U.S. ——, ——, 135 S.Ct. 1372, 1376, (2015) (*per curiam* )) (internal quotation marks omitted).  Accordingly, nothing in ground nine merits relief.

**Conclusion**

For the reasons stated herein, the court will deny and dismiss the petition with prejudice.[12]  Additionally, a Certificate of Appealability is not warranted as it may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Hoskins "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017).  Because this court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).  Denial of a Certificate of Appealability in the district court does not preclude Hoskins from requesting a Certificate of Appealability from the appellate court.

A separate Order follows.

June 20, 2017

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[12] Hoskins' request for a hearing on his habeas corpus petition (ECF No. 20) will be denied.